**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALBERT BENSUSAN,
Plaintiff-Appellant,

v.

No. 98-7342

JANET RENO, U.S. Attorney General;
DISTRICT DIRECTOR, IMMIGRATION AND
NATURALIZATION SERVICE,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-98-872-A)

Submitted: June 27, 2000

Decided: August 2, 2000

Before MICHAEL and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael M. Hadeed, Jr., BECKER, HICKS, IRVING & HADEED,
P.C., Springfield, Virginia, for Appellant. Frank W. Hunger, Assistant
Attorney General, David V. Bernal, Assistant Director, Brenda E.
Ellison, Senior Litigation Counsel, Office of Immigration Litigation,
Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Albert Bensusan appeals from the district court's order denying relief on his 28 U.S.C. § 2241 (1994) petition. Bensusan sought relief from a deportation order, arguing that he was entitled to relief from deportation under former § 212(c) of the Immigration and Nationality Act (INA). See 8 U.S.C. § 1182(c) (1994). Bensusan challenged the application of § 440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA), which eliminated § 212(c) relief for aliens convicted of certain criminal offenses, including aggravated felonies and most drug offenses, to his deportation proceedings. Bensusan argued that the application of § 440(d) to his deportation proceedings had an impermissible retroactive effect. We have reviewed the record and affirm the court's order denying relief on the petition.

This court recently decided Tasios v. Reno, 204 F.3d 544 (4th Cir. 2000). The court held in Tasios that § 440(d) is inapplicable to cases where the alien pleaded guilty or conceded deportability before the enactment date of the AEDPA because it "would upset reasonable, settled expectations and change the legal effect of prior conduct." 204 F.3d at 552. Bensusan pleaded not guilty to his charges and was convicted after a finding of guilt by a jury. He denied all three charges of deportability and put the INS to its test to prove the charges. Thus, the Tasios decision does not offer relief to Bensusan from application of § 440(d) to his deportation proceedings.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED